UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENE G. HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>AARON FORD,<br><br>    Defendant. | Case No. 2:24-cv-01342-RFB-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and "Motion for Constitutional Challenge/Declaratory Challenge to NRS 207.016 and Request for Certification by the Court Pursuant to 28 U.S.C. § 2201." ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and granted below.

**I.    Screening Standard**

    Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

    To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

    In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Plaintiff does not State a Claim Upon Which Relief May be Granted**

Plaintiff's Motion seeks to challenge the constitutionality of Nevada Revised Statute ("NRS") 207.016, subsection 3. Specifically, Plaintiff asserts NRS 207.016(3) is facially unconstitutional because the subsection denied Defendant, and denies defendants generally, the right to be heard at sentencing. ECF No. 1-1 at 2-3. Plaintiff further says this subsection is vague, ambiguous, and not written to avoid arbitrariness. *Id.* at 3. Plaintiff seeks "declaratory" relief because it was unlawful in his case to "to impose [a] habitual felon sentence on invalid priors" applicable to him. *Id.* at 2. Plaintiff submits that because the Court has an obligation to hear all evidence presented by the prosecution and defendant, and "the defendant may not challenge the validity of previous convictions, this effectively prevents 'the defendant' from presenting all relevant evidence to the Court." *Id.* at 4. Plaintiff closes his Motion stating he is raising a "constitutional/ declaratory challenge to NRS 207.016(3)." *Id.* at 5.

In *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011), the U.S. Supreme Court established that a prisoner may be able to state a cognizable 42 U.S.C. § 1983 claim by alleging a general constitutional challenge to a state statute, but not by challenging such statute's application in the individual defendant's case. *See also, Nettles v Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) ("If the prisoner's claim challenges the fact or duration of the conviction or sentence[] compliance with AEDPA is mandated, while if the claim challenges any other aspect of prison life, the prisoner must comply with the PLRA.").[1]

---

[1] The "AEDPA" stands for the Antiterrorism and Effective Death Penalty Act. The "PLRA" stands for the Prison Litigation Reform Act.

1  U.S. Supreme Court precedent also establishes that prior to initiating a civil action which
2 "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction or confinement," the
3 plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged
4 by executive order, declared invalid by a state tribunal authorized to make such determination, or
5 called into question by a federal court's issuance of a writ of habeas corpus ...." *Heck v. Humphrey*,
6 512 U.S. 477, 486-87 (1994); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir.
7 2005) *quoting*, in part, *Heck*, 512 U.S. at 486 ("[i]n creating the favorable termination rule in *Heck*,
8 the Court relied on 'the hoary principle that civil tort actions are not appropriate vehicles for
9 challenging the validity of outstanding criminal judgments.'"); *Preiser v. Rodriguez*, 411 U.S. 475,
10 500 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges
11 the fact or duration of his confinement and seeks immediate or speedier release, even though such a
12 claim may come within the literal terms of § 1983). As stated by the Ninth Circuit, "*Heck's* favorable
13 termination rule was intended to prevent a person in custody from using § 1983 to circumvent the
14 more stringent requirements for habeas corpus." *Huftile*, 410 F.3d. at 1139.

15  Here, there is no doubt Plaintiff is incarcerated post-conviction as he identifies his address
16 as Nevada's High Desert State Prison. However, what is not entirely clear is whether Plaintiff seeks
17 solely to invalidate his sentence and obtain a speedier release for himself or if he is trying to state a
18 claim based on a general challenge to the constitutionality of NRS 207.016(3). After careful review
19 of Plaintiff's filing, the Court finds it reasonable to infer from Plaintiff's allegations that he seeks to
20 demonstrate NRS 207.016(3) is unconstitutional such that *his sentence* as a habitual felon is invalid
21 and must be reduced. This is a claim that falls under *Heck* and must be brought through a habeas
22 petition. *Presier*, 411 U.S. at 500.

23  Further, even if Plaintiff is asserting a general constitutional challenge to NRS 207.016(3)
24 under Federal Rule of Civil Procedure Rule 5.1, this cause of action fails. Federal Rule of Civil
25 Procedure 5.1 does not create a separate cause of action or basis for relief. *Oscar Marquez-Perez v.*
26 *State of Nevada*, Case No. 2:22-cv-00796-GMN-DJA, 2024 WL 1434352, at *2 (D. Nev. Apr. 2,
27 2024) (citations omitted); *Vance v. Los Angeles Dep't of Child Support*, Case No. CV 23-4392-DMG
28 (BFM), 2023 WL 4681552, at *2 (C.D. Cal. June 7, 2023). Moreover, Plaintiff fails to comply with

Rule 5.1 requirements as he has not "served" his filing "on the state attorney general … either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose." Fed. R. Civ. P. 5.1(a)(2). And, if Plaintiff asserts his claim that NRS 207.017 is unconstitutional under 28 U.S.C. § 2201, this statute does not provide Plaintiff with an avenue to relief. That is, 28 U.S.C. § 2201 "does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). In fact, said plainly by the U.S. District Court for the District of Oregon, 28 U.S.C. § 2201 does not "provide plaintiff with a … cause of action through which he can obtain relief." *Sherman v. Kusch*, Case No. 1:20-CV-00787-AA, 2020 WL 4587510, at *3 (D. Ore. Aug. 10, 2020).

Case law also shows that a constitutional challenge to NRS 207.016(3) does not lie either facially or specifically as applied to an individual defendant. In *Townsend v. Cox*, Case No. 2:04-CV-01567-PMP-PAL, 2006 WL 2708543, at *7 (D. Nev. Sept. 20, 2006), the court discussed the defendant's claims "that his appellate counsel failed to challenge the constitutionality of … [NRS] § 207.016(3), which he argue[d] prevented him from arguing that his prior convictions were constitutionally invalid." In response to this argument, the court in *Townsend* stated: "[o]n this issue, the Nevada Supreme Court held:"

> With respect to previous convictions used for enhancement purposes, this court has held, "[i]f the record raises a presumption of constitutional infirmity, the state must present evidence to prove by a preponderance that the prior conviction was constitutionally obtained." Even if the record does not raise a presumption of constitutional infirmity, "the defendant is nonetheless free to present evidence tending to rebut the presumption of regularity afforded to a criminal conviction." Consequently, … [the defendant] failed to demonstrate that NRS 207.016 prevented him from arguing that his prior convictions were constitutionally invalid, such that an appeal of this issue would have been successful. We therefore affirm the order of the district court with respect to this claim. Ex. 19, pp. 7-8 (# 17, pp. 333–34) (quoting *Dressler v. State*, 107 Nev. 686, 819 P.2d 1288 (1991)). Given that § 207.016 did not prevent [defendant] from arguing that his prior convictions were invalid, counsel did not need to challenge the constitutionality of § 207.016.

*Id*. at *7 *quoting Dressler*, 819 P.2d 1288. Thereafter, in 2017, the Nevada Supreme Court stated: "In Nevada, habitual criminal adjudication is a sentencing enhancement, *see* NRS 207.016(1), and the sentencing hearing provides a full adversarial proceeding and ample due process protections." *Friedman v. State*, 387 P.3d 219 (Table), 2017 WL 169030, at *3 (Nev. Jan. 12, 2017). These

decisions demonstrate NRS 207.016(3) does not violate a defendant's due process rights and is not unconstitutional.

Finally, Plaintiff does not state a claim under 42 U.S.C. § 1983. To do so, Plaintiff must demonstrate the defendant acted under color of law when depriving him of a right guaranteed under the U.S. Constitution or a federal statute. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). Plaintiff names a state actor as the defendant—the Attorney General of the State of Nevada—but Plaintiff alleges no facts demonstrating that this defendant (or any defendant) took any action that deprived him of his constitutional or statutory right.[2] In fact, the only harm Plaintiff identifies is the application of NRS 207.016(3) to his sentencing, which is a harm that must be adjudicated through a habeas petition.

### III.  Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Constitutional Challenge/Declaratory Challenge to NRS 207.016 and Request for Certification by the Court Pursuant to 28 U.S.C. § 2201 is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff has one opportunity to file a Civil Rights Complaint under 42 U.S.C. § 1983 in which he states a cognizable claim. Plaintiff must use the Civil Rights Complaint form provided by the Court.

IT IS FURTHER ORDERED that if Plaintiff chooses to file a Complaint under 42 U.S.C. § 1983 stating a violation of a constitutional or statutory right under federal law, naming a state actor whose actions or inactions resulted in the violation of such right, he **must** do so no later than **August 30, 2024**.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff the form Civil Rights Complaint and instructions for filing the same.

---

[2]  As explained in *Skinner*, Plaintiff may bring a 42 U.S.C. § 1983 claim against a proper defendant that includes a challenge to the constitutionality of a state statute facially or as consistently applied. 562 U.S. at 533.

### IV. Recommendation

IT IS HEREBY RECOMMENDED that if Plaintiff seeks to challenge the constitutionality of NRS 207.016, he **must** follow the requirements of Federal Rule of Civil Procedure 5.1 by serving notice on the Attorney General for the State of Nevada "either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose."

IT IS FURTHER RECOMMENDED that to the extent Plaintiff seeks to challenge his confinement based on the application of NRS 207.016 to his sentencing, that claim be dismissed without prejudice to allow Plaintiff to file a habeas petition under 28 U.S.C. § 2254.

Dated this 30th day of July, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).