UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RENE G. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>AARON FORD,<br><br>    Defendant. | Case No. 2:24-cv-01342-RFB-EJY<br><br>**ORDER** |

Before the Court for consideration is Plaintiff's Objection (ECF No. 6) to the Order and Report and Recommendation of the Honorable Elayna J. Youchah, United States Magistrate Judge, entered on July 30, 2024 (ECF No. 5). For the following reasons, the Court denies the objection and adopts the report and recommendation in full.

*Pro se* plaintiff Rene G. Harris initiated this action on July 22, 2024, by filing a Motion for Constitutional/Declaratory Challenge. ECF No. 1. Mr. Harris challenges the constitutionality of a Nevada statute *inter alia* outlining sentencing procedure for habitual criminals. Nev. Rev. Stat. 207.016. Specifically, Plaintiff alleges due process violations to the part of the statute that bars the defendant from challenging the validity of a previous conviction at a hearing. Nev. Rev. Stat. 207.016(3). Mr. Harris also argues that NRS 207.016(3) is ambiguous and self-contradictory. On July 30, 2024, Magistrate Judge Youchah issued an order denying Plaintiff's motion, a recommendation to follow Fed. R. Civ. P. 5.1, and a recommendation dismissing the case to the extent Plaintiff wishes to file a habeas petition. ECF No. 5. Plaintiff timely objected to the order denying his motion on August 12, 2024. ECF No. 6. The Court's Order follows.

A magistrate judge may decide non-dispositive pretrial matters. Fed. R. Civ. P. 72(a); 28

U.S.C. § 636(b)(1)(A). The magistrate judge's order generally operates as a final determination. LR IB 1-3. But if a party timely objects to the magistrate judge's order, a district court judge must review the order and "set aside any part [...] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 950 (9th Cir. 2013) (internal quotation marks and citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Jadwin v. Cty. of Kern, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (internal quotation marks and citations omitted). The Court has conducted a de novo review and does not find Judge Youchah's Order clearly erroneous or contrary to law.

In order to sue, a plaintiff must have Article III standing under the U.S. Constitution. See Valley Forge Christian Coll. v. Ams. Utd. for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). To qualify as a party with standing to litigate, a plaintiff must (1) have suffered an "injury in fact" that was (2) caused by the defendant's challenged actions and would (3) be "redressed by a favorable court decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations omitted). This case turns on the first requirement: injury in fact. Mr. Harris must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." Sopeko, Inc. v. Robins, 578 U.S. 330, 339 (2016).

Here, Mr. Harris fails to demonstrate an injury which affected him personally. In fact, he clarifies that his claim "has nothing to do with" his particular case or any related prior conviction. Instead, Plaintiff challenges the constitutionality of the Nevada statute generally. However, "[n]o federal court . . . has jurisdiction to pronounce any statute, either of a State or of the United States, void, because irreconcilable with the Constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies." Golden v. Zwickler, 394 U.S. 103, 110 (1969) (internal citations omitted). Accordingly, to have standing in challenging the Nevada statute, Mr. Harris

- 2 -

must show that *his* legal rights were violated, *i.e.*, there is an actual controversy rather than mere abstraction. See United Public Workers of America v. Mitchell, 330 U.S. 75, 89 (1947) ("For adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions, are requisite. This is as true of declaratory judgments as any other field."); see also Diamond v. Charles, 476 U.S. 54, 62 (1986) ("Standing . . . to sue[] demands the litigant possess a direct stake in the outcome.") (internal citations omitted). Neither can Plaintiff satisfy the injury requirement by alleging that an interest is shared generally with the public at large in the proper application of the Constitution. See Lujan, 504 U.S. 573-76. Since Mr. Harris affirms that his motion is irrelevant to his case, he has no legal interest in the outcome of the suit. The Court thus finds that Mr. Harris lacks standing to litigate this action. In turn, the Court lacks jurisdiction to address the merits of Plaintiff's claim.

The Court lacks jurisdiction on other grounds as well. Plaintiff alleges that this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C § 2201. While the Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party," it may only do so in cases "of actual controversy within its jurisdiction." 28 U.S.C § 2201. As discussed above, Plaintiff does not allege an actual controversy. Even if he did, the Declaratory Judgment Act "does not by itself confer federal subject-matter jurisdiction," for a plaintiff seeking declaratory relief must "plead an independent basis for federal jurisdiction." Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005). For those reasons, the Court finds that 28 U.S.C § 2201 does not confer subject-matter jurisdiction on this Court. Consequently, the Court thus finds that Judge Youchah's Order denying Plaintiff's motion is not clearly erroneous or contrary to law.

In order for the Court to have jurisdiction over this action, Mr. Harris must bring a civil rights claim under 42 U.S.C. § 1983 or a habeas corpus petition under 28 U.S.C. § 2254. That is, however, only if he establishes Article III standing to sue as discussed above. Given Plaintiff's *pro se* status and the judicial interest in efficiency, the Court *sua sponte* grants Plaintiff leave to amend to correct the complaint according to the deficiencies outlined. See Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012) (holding that a district court should grant leave to amend even if no

request to amend the pleading was made and finding that the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant).

If standing is established, Plaintiff can challenge the constitutionality of a state statute under § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-56 (1978). While Plaintiff has not alleged a violation of his constitutional rights, he has named a state actor as the defendant, the attorney general of Nevada. See Marsh v. Cty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). In seeking declaratory relief alone, he has named a state actor that can be sued in an official capacity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.").

If pursuing the § 1983 claim, Mr. Harris must also allege that the attorney general of Nevada deprived him of a constitutional right. A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). Courts have allowed suit against state attorney generals in their official capacities where the statute is enforced, or the state has not disavowed enforcement, and the attorney general has the power to enforce the civil statute. See Bland v. Fessler, 88 F.3d 729, 737 (9th Cir. 1996); (citing Mobil Oil Corp. v. Attorney Gen. of Virginia, 940 F.2d 73, 75 (4th Cir. 1991) ("Public policy should encourage a person aggrieved by laws he considers unconstitutional to seek a declaratory judgment against the arm of the state entrusted with the state's enforcement power[.]")). To state a cognizable § 1983 claim, Plaintiff must satisfy the foregoing requirements. Additionally, as Judge Youchah's Report and Recommendation outlines, must follow the requirements of Federal Rule of Civil Procedure 5.1 by serving notice on the attorney general. See Fed. R. Civ. P. 5.1.

Mr. Harris may not plead a § 1983 claim, however, if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by a court's issuance of a writ of habeas corpus under 28 U.S.C § 2254 *inter alia*. Id. If NRS 207.016(3) is ruled unconstitutional, and such unconstitutionality would necessarily imply the invalidity of Plaintiff's conviction or sentence, "[h]abeas corpus is the exclusive remedy. . ., even though such a claim may come within the literal terms of § 1983." Id. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). In that case, Plaintiff must bring a 28 U.S.C § 2254 petition for habeas corpus. If Plaintiff brings a § 2254 petition for habeas corpus, it cannot be filed in the docket of this action, it must be filed as an altogether separate action. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus). Thus, leave of Court to amend Plaintiff's complaint is restricted to the filing of a § 1983 claim.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate Order (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 5) is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice and with leave to amend. Plaintiff may only amend with a § 1983 claim for the reasons outlined above.

**DATED:** March 26, 2025.



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**